# PREPARATION FOR CRIMINAL TRIAL

*BEFORE THE HONORABLE DAVID HERRERA URIAS*

## A. AUDIO-VISUAL EQUIPMENT

Parties should notify the Court at least two weeks in advance of trial if they require audio-visual or other special equipment. Parties are responsible for operating any of this equipment.

## B. WITNESSES AND EXHIBITS:

1. Rule 404(b) or Rule 609(b) evidence: The Government will provide Defendant notice of potential Rule 404(b) or Rule 609(b) evidence by the deadline set forth in the Court's Trial Notice or Order to Continue.

2. Exchange of EXHIBIT AND WITNESS LISTS: Counsel shall exchange and file with the Court witness and exhibit lists by the deadline set forth in the Court's Trial Notice or Order to Continue.

3. REQUIRED FORMAT FOR EXHIBIT LISTS, NON-ELECTRONIC: When filing their final exhibit lists with the Court prior to trial, parties shall use the format included at the end of this document. Exhibits shall be marked and identified clearly for each party. Use of exhibit notebooks (Plaintiff's and Defendant's) are encouraged for those exhibits to which neither party has objections. Exhibits shall be marked and identified (Plaintiff's by numbers and Defendant's by letters, e.g., A,B,C, . . . AA, AB, AC).

4. REQUIRED FORMAT FOR EXHIBIT LISTS, ELECTRONIC: In addition to the requirements set out in #3 pertaining to exhibits, exhibits also need to be submitted in **electronic format.** Refer to attached JERS Informational letter, along with Attorney Guide to JERS for instructions on how to submit electronically formatted trial exhibits to the Court.

## C. NOTICE OF TRIAL DEADLINES AND SCHEDULING ORDERS:

Parties will be required to abide by all deadlines set forth in the Court's Trial Notice and/or Scheduling Order. Parties shall immediately notify the Court of matters that will require additional preparation time, such as the intent to introduce expert testimony or co-conspirator testimony, so that the Court may allow sufficient time to address potential *Daubert* challenges and to hold *James* hearings. Upon such notification by a party, the Court will hold a scheduling conference to consider deadlines for these issues.

## D. <u>CALL OF THE CALENDAR</u>

1. APPEARANCES: Trial counsel must plan to appear on behalf of client. If unable to appear, please advise the Court no less than 24 hours before Call of the Calendar and arrange for substitute counsel.

2. SCHEDULE: Call of the Calendar is scheduled for the third Thursday of the month before trial, unless otherwise scheduled by the Court.

3. ISSUES TO BE ADDRESSED: Counsel must be prepared to address the following at the Call of the Calendar:

a. Number of witnesses to be called at trial and anticipated length of testimony;
b. Number of days needed for trial;
c. Length of time needed or requested for voir dire, opening and closing statements;
d. All pending motions in limine or other motions related to trial;
e. Any and all other pre-trial matters.

4. MOTIONS TO CONTINUE: All motions to continue shall be filed by the deadline set forth in the Court's Trial Notice or Order to Continue and state the grounds for the motion in accordance with 18 U.S.C. § 3161(h)(7) and *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009).

## E. <u>JURY TRIALS</u>:

1. JURY INSTRUCTIONS:

a. Parties shall **meet and confer in advance** of the deadline to agree on as many instructions as possible and submit Joint Proposed Jury Instructions. Parties shall be prepared to submit a legal basis for their objections to each instruction on which they do not agree. Parties are expected to AGREE ON STOCK INSTRUCTIONS AND AVOID SUBMITTING TO THE COURT SEPARATE REQUESTS FOR THE SAME STOCK INSTRUCTIONS.

b. Proposed instructions shall be **numbered** and **annotated.** Submit no more than ONE INSTRUCTION PER PAGE. Refer to the Court's external website in order access Judge Urias's trial preparation materials: www.nmcourt.fed.us. Parties should refer to Tenth Circuit Criminal Pattern instructions.

c. Submission of proposed instructions to the Court is a **two-step process**:

(1) **E-filing:** Proposed instructions shall be filed with the Court **electronically,** in accordance with D.N.M. LR-Civ. 5.1 by the deadline set forth in the Court's Trial Notice or Order to Continue.

(2) **E-mail:** In addition to electronically filing their submissions regarding jury instructions, both parties shall submit to the Court through the e-mail address (uriasproposedtext@nmcourt.fed.us), the following, in WORD format:

(A) the requested jury instructions; and
(B) proposed special verdict forms and
(C) the parties' Joint Statement of the Case.

NOTE: JOINT STATEMENT OF THE CASE shall be submitted at the same time the jury instructions are submitted by the deadline set forth in the Court's Trial Notice or Order to Continue, but should be filed separately. If parties cannot agree on a Joint Statement of the Case, parties should submit separate proposed Statements.

2. MOTIONS IN LIMINE: shall be filed by the deadline set forth in the Court's Trial Notice or Order to Continue. The response is due by the deadline set forth in the Court's Trial Notice or Order to Continue. Replies to motions in limine will not be entertained unless specifically requested and allowed.

3. VOIR DIRE: Parties are expected to inform the Court at the Call of the Calendar the amount of time they anticipate will be necessary for voir dire. The Court will then determine on a case-by-case basis the length of time that will be allowed for voir dire. Prior to the parties' voir dire, the Court will question the jury regarding impartiality, knowledge or familiarity with attorneys/parties, and other issues to pertaining to a fair trial. The parties' additional proposed voir dire shall be exchanged between counsel and shall be filed with the Court by the deadline set forth in the Court's Trial Notice or Order to Continue. Any objections to any party's proposed voir dire must be raised at the Call of the Calendar prior to trial.

# WITNESS/EXHIBIT LIST

| | | |
|---|---|---|
| | | CV/CR |
| Plaintiff's Attorney: | Defendant's Attorney: | United States District Court<br>District of New Mexico |
| | | Trial Date(s): |
| Presiding Judge: **David Herrera Urias** | Court Reporter: | Courtroom Deputy: |

| Pltf No. | Deft No. | Witness | Date Off. | Obj. | Adm. | **Description of Exhibits*** |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

# INFORMATIONAL LETTER

Dear Counsel:

The United States District Court for the District of New Mexico has installed new equipment into some courtrooms for use during trials in which jurors may view evidence electronically during deliberation. The newly installed equipment is known as JERS (Jury Evidence Recording System). The Western District of North Carolina created JERS for the purpose of electronically capturing evidence during a trial and then allowing a jury to view the evidence on a monitor in the Jury Deliberation Room. The District of New Mexico has been working to customize and test the equipment for the benefit of our court and our jurors. We would like to use JERS during the upcoming trial in your case.

The use of JERs will not affect how you present your case. You will proceed in normal course by presenting the exhibits/evidence either in paper form or from your laptop. All that the Court requires is the submission of the exhibits/evidence on an electronic storage device (CD, DVD or USB drive) TEN (10) calendar days before trial. The evidence is then imported into JERS and stored until the conclusion of the trial, when evidence is submitted to the jurors for deliberation.

It is important to note that, similar to non-electronic evidence, only electronic evidence that is admitted and allowed by the Court will be viewable by jurors during deliberation. Included with this letter is a copy of the Attorney Guide to JERS, where instructions are provided as to the formatting and naming of files. When creating the Indexed File Method, it is important that you follow the exact method as provided in the Attorney Guide – for instance, no spaces, and bars must be placed as shown.

It is the goal of the Court to provide attorneys with useful and effective equipment. It is the assistance from attorneys, such as you, that helps us achieve these goals.